UNITED STATES of America, Plaintiff,

v.

Darrell L. BLACK and Gloria J. Black, Defendants.

Civ. A. No. 85–0695.

United States District Court,
W.D. Pennsylvania,
Civil Division.

Nov. 4, 1985.

**670**

J. Alan Johnson, U.S. Atty., Joel B. Strauss, Asst. U.S. Atty., Pittsburgh, Pa., for plaintiff.

Frank J. Piatek, Neighborhood Legal Services Ass'n, New Castle, Pa., for defendants.

## OPINION

SIMMONS, District Judge.

This case is before the Court on motion by Defendant, Darrell L. Black for dismissal of Plaintiff's action in mortgage foreclosure on the grounds that Plaintiff has failed to comply with § 403 of Act 6 of 1974, of the Commonwealth of Pennsylvania, 41 P.S. § 403 and Act 91 of 1983, of the Commonwealth (Homeowner's Emergency Assistance Act of 1983), 35 P.S. § 1680.401c, *et seq.*, which by their express language impose preconditions to the institution of an action for mortgage foreclosure. Plaintiff maintains that, to the extent that either § 403 of Act 6 or Act 91 conflicts with federal law and the regulations governing the Farmers Home Administration, ("FHA") procedures, the supremacy clause of the United States Constitution bars application of said state laws in a federal mortgage foreclosure proceeding.

The instant mortgage was executed on April 29, 1975, by Defendants Darrell L. Black and Gloria J. Black to secure a loan in the amount of $27,000.00, evidenced by a promissory note, payable in installments of $196.00 per month for a 33 year term. Also on date of the loan, April 29, 1975, Defendants and FHA entered into an Interest Credit Agreement in accordance with FHA regulation 1944.34, 7 C.F.R. 1944.34. The interest credit agreement reduced Defendants' monthly payments on their loan from $196.00 per month to $92.00 per month. The term of the first interest credit agreement was two years and was renewable upon the resubmission of current financial information for additional two year periods under the aforesaid FHA regulation. Upon the resubmission of current financial information in 1977, 1979, 1981 and 1983, renewals of the interest credit agreement were executed calling for monthly payments of $92.00, $81.00, $92.00, $106.00 and $87.00 per month, respectively.

The loan was kept current by the Defendants through 1982. However, payments received in 1983 were sporadic. On October 25, 1983, the FHA discussed with Mr. Black the making up of past due payments. On January 5, 1984, FHA County Supervisor Helbig met with Mr. Black at his home to discuss his right to apply for a moratorium per FHA regulation 1951.313, 7 C.F.R. 1951.313. FHA regulation 1951.-313 authorizes the FHA to grant a borrower a moratorium or suspension of principal and interest payments under the Housing Act of 1949, 42 U.S.C. § 1475. 42 U.S.C. § 1475, provides:

> During any time that any such loan is outstanding, the Secretary is authorized under regulations to be prescribed by him to grant a moratorium upon the payment of interest and principal on such loan for so long a period as he deems necessary, upon a showing by the borrower that due to circumstances beyond

his control, he is unable to continue making payments of such principal and interest when due without unduly impairing his standard of living. In cases of extreme hardship under the foregoing circumstances, the Secretary is further authorized to cancel interest due and payable on such loans during the moratorium. Should any foreclosure of such a mortgage securing such a loan upon which a moratorium has been granted occur, no deficiency judgment shall be taken against the mortgagor if he shall have faithfully tried to meet his obligation. July 15, 1949, c. 338, Title V, § 505, 63 Stat. 435

To be eligible for relief under 42 U.S.C. § 1475, the borrower must make application to the FHA setting forth the reasons why he should be eligible for mortgage moratorium relief. On January 10, 1984, forms for requesting moratorium relief, together with a request for supporting financial information, were sent to the Defendants. The forms and supporting financial information were *never* returned to the FHA. By certified letter dated February 14, 1984, which was returned unclaimed after three attempts at delivery, FHA reminded the Defendants that the forms requesting moratorium and supporting financial information had not been returned.

On April 20, 1984, the FHA sent separately to Darrell L. Black and Gloria J. Black, a certified letter referenced "NOTICE OF ACCELERATION OF INDEBTEDNESS, NOTICE OF INTENTION TO FORECLOSE, and NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING THIS ACTION." Each letter was received by the Blacks.

As required by 7 C.F.R. § 1955.15(d)(2), and contrary to the provisions of Section 403 of Act 6 of 1974 of the Commonwealth of Pennsylvania (41 P.S. § 403), the instant notices advised the Defendants that the loan was then being accelerated. Consistent with 7 C.F.R. § 1955.15(d)(2), the notices advised each Defendant of the total balance due on the mortgage, and that the FHA intended to foreclose at the expiration

of 30 days. The notice also advised that the mortgage could be refinanced by Defendants' borrowing from another lender the entire amount needed to pay the debt in full; and that the Defendants had the right to an administrative hearing within 30 days of the date of the letter. The notice further advised the Defendants of the liquidation and unliquidated amount of the delinquency and of the right to cure the delinquency at any time up to one hour before bidding at a Marshal's sale, which right is afforded in Section 404 of Act 6 of 1974 of the Commonwealth of Pennsylvania (41 P.S. § 404). Plaintiff concedes that the notices in question did not attempt to meet any of the requirements of Act 91 of 1983 of the Commonwealth, 35 P.S. § 1680.401c *et seq.*, which requirements are more particularly discussed subsequently in this Opinion.

Defendant Darrell Black requested an administrative hearing, and the same was held by William D. Crummy, District Director, on June 27, 1984. By letter dated July 13, 1984, Mr. Crummy advised Mr. Black that the matter would proceed to foreclosure, that Mr. Black would have 45 days from the date of receipt of the letter to attempt a sale of the premises himself, and that Mr. Black was entitled to a review of his administrative ruling by appeal to the Administrator in Washington, D.C., within 30 calendar days of the date of the letter. Neither Defendant Darrel Black nor Defendant Gloria Black requested an appeal to the Administrator in Washington, D.C.

In the event of default of a FHA held loan, as in the instant case, the Secretary is authorized to "compromise claims," "modify mortgages" and proceed to collection and judicial enforcement. 42 U.S.C. § 1480(c) and (d). The implementing regulations provide on default the forebearance of interest under an interest credit agreement. 7 C.F.R. § 1951.312(b) (incorporating 7 C.F.R. § 1951.312); for the granting of moratoriums suspending payment of principal and interest, 7 C.F.R. § 1951.313; and for reamortization, 7 C.F.R. § 1951.-

314. Where these remedies are unsolicited by the mortgagor after notice of the same or unavailable to the mortgagor under the regulatory criteria, FHA may proceed toward foreclosure by giving a notice of immediate acceleration of the balance and intention to foreclose in the future in accordance with 7 C.F.R. § 1955.15(d)(2).

Act 6 of 1974 of the Commonwealth of Pennsylvania provides that a residential mortgage lender may not either "accelerate" and/or "commence any legal action including mortgage foreclosure" unless a notice of *future* intention to accelerate and foreclose is sent by the mortgagee in strict adherence to the requirements of this Section (41 P.S. § 403). Using identical language, Act 91 of 1984 of the Commonwealth of Pennsylvania imposes upon a mortgage (as pre-conditions to acceleration or foreclosure) the requirements that (1) the mortgagee first afford the mortgagor thirty (30) days to have a face-to-face meeting with the mortgagee or consumer credit counseling agency "to attempt to resolve the delinquency or default by restructuring the loan payment schedule or otherwise", (2) an additional sixty days be afforded to the mortgagor if there is no resolution and the mortgagor desires to seek financial aid from the Pennsylvania Housing Finance Agency, and (3) the mortgagee must expressly give notice of these procedures to the mortgagor. 35 P.S. (Pamphlet) § 1680.403c.[1]

█ Plaintiff maintains that the imposition of the pre-conditions set forth in Act 6 of 1974, 41 P.S. § 403 and Act 91 of 1983, 35 P.S. § 1680.403c(b), of the Commonwealth of Pennsylvania, upon the right of a federal agency, upon default, to bring a mortgage foreclosure proceeding in a United States District Court violates the Supremacy Clause of the United States Constitution. This Court holds that these federal statutes and regulations regarding a mortgage foreclosure by a federal agency preempt the field with respect to a federal

agency's remedies and procedures on default and may not be superceded by conflicting state legislation.

The aforementioned federal statutes and regulations set forth in great detail the remedies available to a federal agency holding a mortgage in a foreclosure proceeding, as well as the protection which is afforded to the mortgagors in specified circumstances.

Article VI, Clause 2 of the United States Constitution provides as follows:

This Constitution, and the Laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the Supreme Law of the land; and the Judges in every State shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding.

Congress has conferred upon the Federal District Courts original subject matter jurisdiction of all civil actions, suits or proceedings "commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress," except as might otherwise be provided by Act of Congress. 28 U.S.C. § 1345.

█ The Supremacy Clause clearly prohibits a state legislature as well as the state judiciary from acts of interference with the jurisdiction or procedure of the Federal District Courts. In Re: *Grand Jury Proceedings*, 563 F.2d 577, 581–82 (3d Cir.1977) (Pennsylvania state legislative privilege inapplicable to prosecution of state legislator under a federal criminal statute in federal district court); *Matter of Special April 1977 Grand Jury*, 581 F.2d 589, 593 (7th Cir.1978), *cert. den.* 439 U.S. 1046, 99 S.Ct. 721, 58 L.Ed.2d 705; *Scott v. United States*, 439 U.S. 1046, 99 S.Ct. 721, 58 L.Ed.2d 705 (1978) (Supremacy Clause requires the disclosure in federal grand

---

**1.** On July 19, 1984, upon agreement by Plaintiff, this Court granted Defendant thirty (30) days leave to seek financial aid from the Common-

wealth of Pennsylvania. Defendant did not avail himself of this opportunity.

jury proceedings of subpoenaed records despite prohibition of disclosure of such records under the Illinois State Records Act); and *In Re: Grand Jury Proceedings*, 445 F.Supp. 455, 457 (M.D.Ga.1977) (Supremacy Clause precludes Georgia statute from barring the introduction in federal grand jury proceedings of a lawfully intercepted private message where Georgia statute limits admissibility only to "courts of this State"). This Court therefore holds that the legislature of the Commonwealth of Pennsylvania may not, through either Act 6 of 1974 or Act 91 of 1983, impose pre-conditions to suit upon a federal agency seeking mortgage foreclosure in a Federal District Court.

■ Moreover, it is an established rule that the federal law as administered by United States Courts governs the remedies available upon default of a federally held or insured loan. *United States v. Scholnick*, 606 F.2d 160 (6th Cir.1979); *United States v. Victory Highway Village, Inc.*, 662 F.2d 488 (8th Cir.1981); *United States v. Stadium Apts., Inc.*, 425 F.2d 358 (9th Cir.1979), *cert. denied*, 400 U.S. 926, 91 S.Ct. 187, 27 L.Ed.2d 185 (1970). *In Victory Highway Village, Inc.*, the Eighth Circuit held that the right of redemption afforded to a mortgagor to pay the amount bid at a foreclosure sale within six months of the date of the sale under Minnesota Statute was not applicable to a foreclosure upon a mortgage by the Department of Housing and Urban Development in Federal District Court.

We note, that federal law, not Minnesota law, governs the rights and liabilities of the parties in cases dealing with the remedies available upon default of a federally held or insured loan. Moreover, because of "overriding federal interest in protecting the funds of the United States and in securing federal investments", federal interest predominates over state interest. "Local rules limiting the effectiveness of the remedies available to the United States for breach of a federal duty cannot be adopted." 662 F.2d at 497 (citations omitted).

Similarly, the matters involved in the instant case are governed by federal law not state law, and the rights and liabilities of the parties with respect to the default of the mortgage loan in this case are particularly governed by federal law.

Accordingly, the Defendants' Motion to Dismiss for Lack of Jurisdiction of this Court will be denied.

An appropriate Order will be entered in this case.